## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JOE W. BERRY,                          )
                                       )
                Petitioner,            )
                                       )
v.                                     )          Case No. CIV-20-132-D
                                       )
RICK WHITTEN,                          )
                                       )
                Respondent.            )

## **ORDER**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 6] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, Judge Erwin found that the Petition should be summarily dismissed as untimely because the claim is based on *Graham v. Florida*, 560 U.S. 48 (2010),[1] and no basis exists for statutory or equitable tolling of the one-year limitations period of 28 U.S.C. § 2244(d)(1)(C).

Petitioner, who is represented by counsel, has filed a timely Objection [Doc. No. 7]. Accordingly, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

---

[1] In *Graham v. Florida*, the Supreme Court held that "the Eighth Amendment prohibits a state from imposing a life without parole sentence on a juvenile nonhomicide offender." *Graham*, 560 U.S. at 75.

Petitioner objects solely to Judge Erwin's findings that "the Petition is untimely" and "Petitioner is not entitled to an equitable exception" to the running of the limitations period. *See* Obj. at 2. Petitioner asserts that his claims were "not ripe for adjudication" until the Supreme Court decided *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), and the Tenth Circuit decided *Budder v. Addison*, 851 F.3d 1047 (10th Cir. 2017). *See* Obj. at 6–7. In *Montgomery*, the Supreme Court announced that its decision in *Miller v. Alabama*, 567 U.S. 460 (2012)—prohibiting mandatory life without parole sentences for juvenile offenders—was a new substantive constitutional right made retroactive on collateral review. *Montgomery*, 136 S.Ct. at 736. The Tenth Circuit in *Budder* concluded that, under the categorical rule established in *Graham*, Budder's sentence violated the Eighth Amendment because it did "not provide him a realistic opportunity for release" since he was required to serve 131.75 years in prison before he would be eligible for parole.[2] *Budder*, 851 F.3d at 1059 (viewing Budder's four sentences in the aggregate as though they were one sentence).

Like Budder, Petitioner was a juvenile when he committed his crimes, and he received a total sentence of 145 years' imprisonment.[3] Petitioner asserts that until the Tenth Circuit's opinion in *Budder*, he "reasonably believed that his sentence would not fit

---

[2] The Oklahoma Court of Criminal Appeals declined to follow *Budder* in *Martinez v. State*, 442 P.3d 154, 155 (Okla. Crim. App. 2019), finding that it was not clearly established law that *Graham* applied to offenders with multiple crimes and multiple charges, and that it was a question that "continues to divide state and federal courts."

[3] Petitioner asserts that his aggregate sentences totaling 145 years violates the Eighth Amendment by, in effect, establishing a mandatory life without parole sentence.

within the language of *Graham*." Obj. at 2. Thus, he argues that "*Budder's* clarification established a factual predicate for [his] claim," and he relies on 28 U.S.C. § 2244(d)(1)(D) to restart the limitations period. *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year limitations period for habeas petitioners who are in state custody. 28 U.S.C. § 2244(d)(1)(A)–(D). The one-year limitations period runs from the latest of four dates. *Id.* Petitioner asserts that "the date on which the factual predicate of [his claims] presented could have been discovered through the exercise of due diligence" was the date *Budder* was decided—March 21, 2017. *See* 28 U.S.C. § 2244(d)(1)(D). He contends that he sought the assistance of counsel within six months of the *Budder* decision and has been diligently pursuing his rights since. Obj. at 7.

Contrary to Petitioner's argument, however, a legal decision cannot provide a factual predicate. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). "[T]he limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts." *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. Aug. 24, 2011) (unpublished).[4] Petitioner was well aware of the fact that he was a juvenile nonhomicide offender serving a total sentence of 145 years' imprisonment when his conviction became final on April 27, 1992. Yet, he filed his habeas petition on February 18, 2020, nearly twenty-eight years later. Further, *Graham* was decided in 2010, and the Supreme Court emphasized that each

---

[4] All unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th CIR. R. 32.1.

state must give defendants "some meaningful opportunity to obtain release." *Graham*, 560 U.S. at 75. Thus, Petitioner was aware of the factual background to support his claims long before he filed his habeas petition. *Perez v. Dowling*, 634 F. App'x 639, 644 (10th Cir. Dec. 15, 2015) (unpublished).

Petitioner also attempts to invoke § 2244(d)(1)(C) to toll the limitations period by claiming that the merits of his action are governed by *Miller*, which was made retroactive in *Montgomery*. Petitioner urges the Court to reject Judge Erwin's reliance on *Dodd v. United States*, 545 U.S. 353 (2005), as "creat[ing] undue prejudice" and "violating equal protection" and as "an arbitrary repeal of congressional intent." *See* Obj. at 6–7. Petitioner argues, in effect, that *Dodd* was wrongly decided. *Id.*

Upon *de novo* review, the Court finds that the one-year period to bring the claim expired long before this case was filed on February 18, 2020. The Supreme Court considered in *Dodd* the same statutory language in § 2255(f)(3) and squarely held that it means the one-year limitations period runs from the date on which a new constitutional right was initially recognized by the Supreme Court rather than the date on which it was made retroactively applicable to cases on collateral review. *See Dodd*, 545 U.S. at 357 ("What Congress has said in [the statutory language] is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court."). Lower courts are bound by the Supreme Court's holding in *Dodd*, regardless of Petitioner's view of it. In fact, the Tenth Circuit has expressly applied the rule of *Dodd* to a habeas claim based on *Miller* and *Montgomery*. *See Madison v. Allbaugh*, 774 F. App'x 504, 505 (10th Cir. Aug. 8, 2019) (unpublished) (denying a certificate of appealability because

4

"[r]easonable jurists could not debate that the district court correctly held his petition is untimely").

Further, the Court finds that Petitioner has not presented any facts that might justify equitable tolling. He does not disagree with Judge Erwin's statement of the controlling rule. R. & R. at 6. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). By itself, a "petitioner's lack of diligence precludes equity's operation." *Id.* at 419. In this case, Petitioner makes no effort to show that he diligently pursued his rights, and therefore, he provides an insufficient basis for a finding of timeliness.

## CONCLUSION

Upon *de novo* review of the issues presented, the Court concurs with Judge Erwin that Petitioner's action should be dismissed as untimely. Accordingly, Judge Erwin's Report and Recommendation [Doc. No. 6] is **ADOPTED** in its entirety. Petitioner's habeas petition is **DISMISSED** with prejudice. A separate judgment of dismissal shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

5

could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

　　　　**IT IS SO ORDERED** this 17th day of April, 2020.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　TIMOTHY D. DeGIUSTI
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge